IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

    Plaintiff,                   No. CIV S-04-2167 DFL DAD P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.          <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se with a typed complaint titled "Complaint Under the Civil Rights Act Pursuant to: 42 U.S.C. §1983 et seq., and 18 U.S.C. §1962 et seq; Injunctive and Declaratory Relief Requested; Class Action Filing Pursuant to: F.R.C.P. Rule 23(B)(1)." Plaintiff filed this complaint and various motions in the United States District Court for the Northern District of California on September 2, 2004. Plaintiff subsequently filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. By order filed October 12, 2004, the action was transferred to the United States District Court for the Eastern District of California. The action has been referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

1

Plaintiff is required to pay the statutory filing fee of $150.00 for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $1.04 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to his prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against any governmental entity or officer or employee of such an entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). For purposes of reviewing a complaint under this standard, the court accepts as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The

court also construes the pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, the plaintiff describes himself as an indeterminately sentenced male inmate incarcerated for 21 years for one count of second degree murder pursuant to his conviction in Orange County Superior Court. Plaintiff has sued the current governor of California, the California Correctional Peace Officers Association ("CCPOA"), and the state Board of Prison Terms. He asserts that all defendants are employees of the state.

Plaintiff describes his case as a claim for injunctive and declaratory relief brought on behalf of a class of plaintiffs.  He states that defendants have violated the plaintiffs' rights under the Eighth Amendment to be free from cruel and unusual punishment and under the Fourteenth Amendment to due process.  He asserts the "right to be free from the use of excessive punishment and the perpetual collection of tax-payers dollars" and the right to personal safety. He contends that all defendants have conspired to effect the continuous incarceration of indeterminately sentenced inmates and to achieve perpetual violations of parolees, at great cost to taxpayers.

Plaintiff alleges that the CCPOA has used the membership dues of its correctional officer members to buy off every politician in Sacramento, including the governor, and that the governor and the Board of Prison Terms are co-conspirators with the CCPOA in a criminal enterprise designed to maintain the size of the prison population and the power of the CCPOA by applying a no-parole policy to inmates serving indeterminate terms and by violating thousands of parolees annually.  Plaintiff also complains of the governor's "deal" with the CCPOA to allow union officials to view all videotapes of inmates being assaulted by prison guards so that the union can protect prison guards through a code of silence.  Plaintiff claims that the alleged criminal enterprise violates RICO, 18 U.S.C. § 1963, et seq.

Plaintiff seeks declaratory relief in the form of a judgment that the acts, policies, and practices described in his complaint violate inmates' constitutional rights under the Eighth and Fourteenth Amendments and their statutory rights under RICO.  Plaintiff seeks injunctive relief in the form of an order that creates a team of federal officers to obtain and review the prison central file of every California state prisoner sentenced to an indeterminate term.  For each prisoner who has served the statutory term required for minimum parole eligibility, plaintiff wants the team of federal officers to set a term based solely on the degree of the crime committed by the prisoner and to award certain time credits.  Plaintiff also wants the federal officers to obtain and review the prison central file of every California state prisoner serving a prison term

for violating parole and conduct an investigation to ensure that fabricated evidence was not used in securing the parole violation. Plaintiff also seeks an order prohibiting retaliation against him and permitting him to use the law library during all hours when the library is open.

In a separate motion for certification of his complaint as a class action, plaintiff states that over 200 prisoners at Correctional Training Facility-Soledad are planning to file federal civil rights complaints alleging a RICO claim of criminal enterprise by CCPOA's top officials. Plaintiff offers several pages of signatures by inmates who support the certification of plaintiff's civil rights complaint alleging that the CCPOA's top officials are currently committing acts that violate RICO. On this basis, plaintiff suggests that it would be "practical" to certify his action as a class action.

The court finds that plaintiff's complaint fails to state a claim upon which relief can be granted under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. "Racketeering activity" means "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical," acts indictable under specified federal statutes, and certain offenses involving fraud. 18 U.S.C. § 1961(1). In a civil action brought under RICO, the plaintiff must allege sufficient facts to establish a "pattern of racketeering activity," which must include at least two "predicate acts," a criminal enterprise in which the defendants participated, and a causal relationship between the predicate acts and the harm suffered by the plaintiff. 18 U.S.C. §§ 1961-68, 2314 & 2315; Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496-97 (1985); River City Markets, Inc. v. Fleming Foods West, Inc., 960 F.2d 1458, 1464 (9th Cir. 1992). The plaintiff must allege an impact on interstate commerce or an injury to his business or property. Sedima, 473 U.S. at 495-96. Mere injury to a valuable intangible property interest does not satisfy RICO's standing requirement. Guerrero v. Gates, 357 F.3d 911, 920 (9th Cir. 2004). See also Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 786 (9th Cir. 1992) (RICO requires a showing of concrete financial loss). Government entities cannot violate RICO because

they are incapable of forming the malicious intent required for committing the predicate acts of racketeering under RICO.  Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 404 (9th Cir. 1991).

In the present case, defendants Schwarzenegger and Board of Prison Terms are government entities and cannot be co-conspirators with the CCPOA for purpose of plaintiff's RICO claim.  Even if the conduct of the CCPOA alone could be considered to constitute a pattern of racketeering activity, plaintiff has not identified two predicate acts and has not alleged an injury to his business or property.  "Civil rights violations . . . do not fall within the statutory definition of 'racketeering activity,'" and a complaint alleging such violations fails to state a claim under RICO.  Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir. 1997).  See also Robinson v. California Bd. of Prison Terms, 997 F. Supp. 1303, 1307-08 (C.D. Cal. 1998) (dismissing plaintiff's claim that denial of parole by correctional officials and agencies violated RICO).  For these reasons, plaintiff's complaint fails to state a claim upon which relief can be granted under RICO.  Plaintiff's RICO claims must be dismissed as legally frivolous and for failure to state a claim upon which relief can be granted.

The court finds that plaintiff's complaint also fails to state claims upon which relief can be granted under the Civil Rights Act, 42 U.S.C. § 1983.  Plaintiff seeks declaratory and injunctive relief on claims arising under the Eighth and Fourteenth Amendments.  The relief sought is (1) a determinate term for every California prisoner who is serving an indeterminate term and who has served the statutory period required for minimum parole eligibility and (2) a review of the constitutionality of the conviction of every California prisoner serving a term for violating parole.  Plaintiff's claims constitute a challenge to the fact or duration of the plaintiffs' physical imprisonment, and the relief he seeks on behalf of the plaintiffs is a determination that each of them is entitled to immediate release or a speedier release from imprisonment.  The sole federal remedy for obtaining such relief is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

1    In 2001, eighteen California state prisoners brought claims similar to plaintiff's in a civil rights action in which they alleged that the current and previous governors of California and the chairman and members of the Board of Prison Terms, among others, have administered and continue to administer the state's parole statutes to achieve an unwritten, unconstitutional policy of denying parole to inmates convicted of certain offenses and serving life sentences. McQuillion v. Schwarzenegger, 369 F.3d 1091 (9th Cir. 2004). On appeal, the Ninth Circuit affirmed the district court's dismissal of the plaintiffs' civil rights complaint. The court found that the prisoners' claims for monetary damages implied the invalidity of their continuing confinement and were not cognizable. 369 F.3d at 1097-98. The court ruled that the inmates could not seek prospective relief requiring constitutionally adequate parole hearings in the future because, in order to establish their standing to seek such relief, each plaintiff would have to allege personal injury traceable to the defendants' allegedly unlawful conduct, and any allegation of personal injury would necessarily imply the invalidity of the inmate's confinement. Id. at 1098-99. As the court put it, "the prospective relief they seek is unattainable in § 1983 proceedings, illustrating why their remedy lies in federal habeas proceedings." Id. at 1098.

In the present case, as in the McQuillion case, plaintiff and the inmates he seeks to represent cannot demonstrate standing for the declaratory and injunctive relief they seek unless they allege personal injury in the form of unconstitutional confinement. Because each inmate's sole remedy lies in his own federal habeas proceedings, plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. Plaintiff's constitutional claims must be dismissed as legally frivolous and for failure to state a claim upon which relief can be granted.

Plaintiff's complaint fails to state any claim upon which relief may be granted. Plaintiff's request for certification of this action as a class action and his request for preliminary injunctive relief will therefore be denied. While it does not appear that plaintiff can cure the defects of his complaint with regard to any claim against any defendant who resides in this district, the court will dismiss the complaint with leave to amend. If plaintiff believes that he can

7

1  allege a cognizable civil rights claim against one or more defendants residing in this district, he
2  may amend his complaint to allege that claim.
3        If plaintiff chooses to amend his complaint, the amended complaint must allege
4  only plaintiff's individual claims.  As a non-lawyer proceeding without counsel, plaintiff cannot
5  "fairly and adequately protect the interests of the class," as required by Rule 23(a) of the Federal
6  Rules of Civil Procedure.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  See also
7  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Martin v. Middendorf, 420 F. Supp.
8  779 (D.D.C. 1976).  This action is construed as an individual civil suit brought by plaintiff.
9        In this district every amended complaint must be complete in itself without
10 reference to prior pleadings.  Local Rule 15-220.  Plaintiff's amended complaint will supersede
11 his original complaint.  The superseded complaint will no longer serve any function in the case.
12 See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, in an amended complaint, just as
13 if it were the first complaint filed in the case, the caption must be complete, and each claim and
14 the involvement of each defendant must be sufficiently alleged.
15       Plaintiff is informed that district courts lack authority to require counsel to
16 represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,
17 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance
18 of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
19 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the
20 court does not find the required exceptional circumstances.  Plaintiff's motion for appointment of
21 counsel will therefore be denied.
22       Plaintiff has requested that this action be assigned to Magistrate Judge Peter A.
23 Nowinski on the ground that this action is related to Coleman v. Board of Prison Terms, et al.,
24 case No. CIV S-96-0783 LKK PAN (E.D. Cal.).  The Coleman case is an individual prisoner's
25 habeas proceeding.  The district judge ruled on May 20, 2005, that the petition will be granted
26 unless, within 60 days, the respondents provide the petitioner with a fair parole suitability hearing

conducted by a Board of Prison Terms panel free of any prejudice stemming from a gubernatorial policy against parole for murderers. This civil rights action does not involve the same parties and is not, as alleged, based on the same or a similar claim. Assignment of the two cases to the same district judge and the same magistrate judge is not likely to effect any savings of judicial effort. This civil rights action is not related to the <u>Coleman</u> habeas proceeding, and plaintiff's request for reassignment of the case will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. Plaintiff is assessed an initial partial filing fee of $1.04. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. The Clerk of the Court is directed to amend the caption of plaintiff's six-page application to proceed in forma pauperis, a paper document filed with numerous other documents as #1 on this court's docket, by replacing the word "NORTHERN" with the word "EASTERN" in the name of the court and by replacing the Northern District case number with this court's case number.

4. Plaintiff's January 18, 2005 motion for appointment of counsel is denied.

5. Plaintiff's January 18, 2005 motion for certification of complaint is denied.

6. Plaintiff's January 18, 2005 request for order to show cause and temporary restraining order is denied.

7. Plaintiff's January 18, 2005 motion for reassignment of case pursuant to Local Rule 83-123 is denied.

8. Plaintiff's May 6, 2005 motion for order to show cause and temporary restraining order is denied.

9. Plaintiff's complaint is dismissed with leave to amend.

10. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted.

DATED: July 25, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
stai2167.14