IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

    Plaintiff,                      No. CIV S-04-2167 DFL DAD P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se with a civil rights action. By order filed July 26, 2005, plaintiff's complaint was dismissed with leave to amend. Plaintiff's amended complaint is now before the court.

        The court is required to screen complaints brought by prisoners seeking relief against any governmental entity or officer or employee of such an entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). For purposes of reviewing a complaint under this standard, the court accepts as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court also construes the pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

1  causal link between him and the claimed constitutional violation must be specifically alleged.
2  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441
3  (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official
4  personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d
5  266, 268 (9th Cir. 1982).

6        In his amended complaint, which exceeds three hundred pages in length, plaintiff
7  seeks injunctive and declaratory relief against the commissioners of the California Board of
8  Prison Terms for "currently violating his United States Constitutional due process rights in
9  accordance with the Fourteenth Amendment."  Plaintiff asserts that he is suing "all BPT
10 Commissioners" but names only Commissioner Welch and Deputy Commissioner Quintiliani,
11 whom he has sued in their individual and official capacities.  Plaintiff states that he is serving a
12 fifteen-year indeterminate prison term for one count of second degree murder pursuant to his
13 conviction in Orange County Superior Court in 1983.

14       Plaintiff sets forth ten claims for relief regarding his parole consideration hearing
15 conducted on November 5, 2002:  (1) the BPT commissioners used "special circumstances"
16 language as the primary basis for deferring further parole consideration for four years, contrary to
17 a 1988 decision of the United States Supreme Court finding such language unconstitutionally
18 vague; (2) the BPT commissioners illegally placed plaintiff's crime under the state's matrix for
19 first degree murder when they used "special circumstances" language as the primary basis for
20 deferring further parole consideration for four years; (3) the BPT commissioners applied the
21 wrong standard when they used the "some evidence" standard instead of a "substantial evidence"
22 standard; (4) the BPT commissioners converted plaintiff's sentence to life without possibility of
23 parole when they considered and relied on plaintiff's nine disciplinary convictions; (5) the BPT
24 commissioners failed to use appropriate procedures when they failed to follow "the statutory
25 mandate of PC §2931(b)," (6) the BPT commissioners violated plaintiff's due process rights
26 when they deferred further parole consideration hearing for four years; (7) the BPT

commissioners violated principles of state law when they relied on a staff psychologist's report dated February 22, 2002, to conclude that plaintiff's violence potential in the community is somewhat higher than the average citizen's and to defer further parole consideration for four years; (8) the BPT commissioners violated plaintiff's procedural due process rights when they refused to consider plaintiff's extensive physical injuries and documented disabilities that fall within the parameters of the Americans With Disabilities Act; (9) the BPT commissioners denied plaintiff his religious rights when they relied on seven disciplinary convictions for violating prison grooming standards as part of their decision to defer further parole consideration for four years; and (10) the BPT commissioners deliberately followed a political policy supported by the executive branch when they denied parole.  Plaintiff does not allege any further actions by the BPT commissioners after November 5, 2002, but alleges that the defendants' actions are ongoing and comprise a continuing violation.

Plaintiff seeks declaratory and injunctive relief requiring BPT commissioners to cease all acts, policies, and practices described in his amended complaint, to stop using special circumstances language, to stop using first degree murder matrices for second degree murderers, to stop conducting "mini-trials" to enhance plaintiff's sentence, to use the "substantial evidence" standard instead of the "some evidence" standard, to follow applicable administrative procedures regarding credits, to defer further consideration for only one year, to stop using the staff psychologist's 2002 evaluation of plaintiff's violence potential or, in the alternative, to allow plaintiff to obtain an independent psychologist's evaluation, to stop using plaintiff's failure to pursue a vocational trade as a basis for a four-year deferral, to stop using plaintiff's crime of conviction and previous convictions as the primary reason for a four-year deferral, to stop using plaintiff's nine disciplinary convictions as a reason for a four-year deferral when seven of the convictions were for grooming violations arising from plaintiff's religious beliefs, and to follow state law with regard to procedures for inmates convicted of second degree murder.

/////

1    The court finds that plaintiff's amended complaint fails to state claims upon
2 which relief can be granted under § 1983.  Although plaintiff does not seek damages and does
3 not request an order declaring the BPT's 2002 decision invalid, plaintiff's claims for declaratory
4 relief are predicated on allegations concerning the invalidity of the 2002 decision to deny parole
5 and defer further consideration for four years.  The judgment plaintiff seeks would necessarily
6 invalidate the 2002 decision.  Plaintiff's sole federal remedy for obtaining such relief is a writ of
7 habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).
8    In 2001, eighteen California state prisoners brought similar claims in a civil rights
9 action in which they alleged that the current and previous governors of California and the
10 chairman and members of the Board of Prison Terms, among others, have administered and
11 continue to administer the state's parole statutes to achieve an unwritten, unconstitutional policy
12 of denying parole to inmates convicted of certain offenses and serving life sentences.
13 McQuillion v. Schwarzenegger, 369 F.3d 1091 (9th Cir. 2004).  On appeal, the Ninth Circuit
14 affirmed the district court's dismissal of the civil rights complaint.  The prisoners' claims for
15 monetary damages implied the invalidity of their continuing confinement and were not
16 cognizable.  369 F.3d at 1097-98.  The inmates were precluded from seeking prospective relief
17 requiring constitutionally adequate parole hearings in the future because, in order to establish
18 their standing to seek such relief, each plaintiff would have to allege personal injury traceable to
19 the defendants' allegedly unlawful conduct, and any allegation of personal injury would
20 necessarily imply the invalidity of the inmate's confinement.  Id. at 1098-99.  The court
21 concluded that "the prospective relief they seek is unattainable in § 1983 proceedings, illustrating
22 why their remedy lies in federal habeas proceedings."  Id. at 1098.
23    In this case, as in McQuillion, the plaintiff cannot demonstrate standing for the
24 prospective relief he seeks unless he alleges personal injury in the form of unconstitutional
25 confinement.  Because the sole remedy for unconstitutional confinement lies in habeas
26 proceedings, plaintiff's amended complaint fails to state a claim upon which relief can be granted

under § 1983. Plaintiff's amended complaint must be dismissed as legally frivolous and for failure to state a claim upon which relief can be granted.

Plaintiff was provided with an opportunity to amend his complaint and has been unable to cure all of the defects of the original complaint. It does not appear that plaintiff can cure the defect described above.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 29, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
stai2167.56