IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

        Plaintiff,                      No. CIV S-04-2167 DFL DAD P

    vs.

ARNOLD SCHWARZENEGGER,
et al.,

        Defendants.              <u>ORDER</u>

        /

        Plaintiff Staich, a state prisoner, filed this § 1983 action seeking declaratory and injunctive relief against the Commissioner of the California Board of Prison Terms ("BPT"), Welch, and Deputy Commissioner Quintiliani for violating his right to Due Process under the 14th Amendment.[1]  The Magistrate Judge issued findings and recommendations on August 29, 2005, finding that plaintiff's claim can only be brought as a petition for a writ of habeas corpus because he seeks an earlier or immediate release from prison.  However, plaintiff's complaint can be read as raising only procedural challenges to his parole hearing.  In addition, he states in the

---

[1] In the first amended complaint, plaintiff is inconsistent in identifying against whom he brings suit.  In some paragraphs, he states he only sues Welch and Quintiliani, but in other paragraphs he claims he brings suit against "all BPT commissioners."  (<u>See</u> FAC ¶¶ 1, 5.)  In the original complaint plaintiff names the Governor, but does not mention him in the FAC.  Accordingly, the Governor is no longer a defendant in this action.  In future pleadings the caption should be styled as "Staich v. Welch et al.".

objections that he intends only to raise procedural challenges and does not seek an earlier release as part of the relief in this action.  These allegations may raise a cognizable claim under § 1983.  See Wilkerson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242 (2005).  For this reason, the court cannot adopt the findings and recommendations.

On remand, the magistrate judge is requested to provide plaintiff with an opportunity to clarify who the defendants are in this action.  It would appear that defendants Welch and Quintiliani are immune from suit in this case for actions taken in their judicial capacity.  See Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir. 1981); Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (finding absolute immunity bars § 1983 claims for injunctive relief against parole board officials); Federal Courts Improvement Act of 1996, § 309(c), Pub.L.No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983 to state that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").  It is unclear whether there is any defendant against whom the case may proceed in federal court.

The court does not adopt the findings and recommendations and REMANDS the case to the Magistrate Judge for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED: 9/22/2006

_____
DAVID F. LEVI
United States District Judge